IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROY EDWARD PIKE, #079888, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06-CV-668-MHT |
| ) | [WO] |
| ) | |
| ARNOLD HOLT, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Roy Edward Pike ["Pike"], a state inmate, challenges the revocation of his probation by the Circuit Court of Chamber County, Alabama. Pike names Arnold Holt, the warden of Bullock County Correctional Facility, and Matthew Gagne, his probation officer, as defendants in this case. Pike seeks reinstatement of his probation and release from prison. *Plaintiff's Complaint* at 3.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

**I. DISCUSSION**

In 2005, the Circuit Court of Chambers County conducted a hearing to determine whether Pike had violated the conditions of his probation. Upon conclusion of this hearing,

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

the trial court revoked Pike's probation. Pike complains that "Matthew Gagne perjured himself in court [at the revocation hearing] saying he did not give [Pike] permission" to move from Chambers County to Lee County. *Plaintiff's Complaint* at 2. Pike maintains that Gagne's perjury resulted in the trial court improperly ordering the revocation of his probation based on his relocation to Lee County. *Id.* at 3. Pike requests that this court reinstate his probation and effectuate his release from the Bullock County Correctional Facility. *Id.* The aforementioned claims go to the fundamental legality of the revocation of Pike's probation and his current incarceration. Consequently, these claims provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The Court emphasized that "habeas corpus is the exclusive remedy for a . . . prisoner who challenges" a conviction or sentence, "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983

action should be construed as a habeas corpus action. In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . ." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction or sentence is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

Pike challenges the constitutionality of the state revocation proceeding and his confinement resulting from such proceeding. A judgment in favor of Pike in this federal cause of action would necessarily imply the invalidity of the trial court's revocation decision and Pike's current incarceration. It is clear from the complaint that the revocation decision about which Pike complains has not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack is prohibited and subject to summary dismissal by this court pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).

# CONCLUSION

Accordingly, it is the **RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).**

**It is further ORDERED that on or before August 9, 2006 the** parties may file objections to the Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 27th day of July, 2006.

/s/ Delores R. Boyd
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE